United States District Court
Southern District of Texas
**ENTERED**
October 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In the Matter of Freedom Marine Solutions, L.L.C., as the Operator of the M/V FMS COURAGE, Praying for Exoneration from and/or Limitation of Liability § § § § § § § | Civil Action H-25-1874 |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Petitioners-in-Limitation's[1] *Ex Parte* Motion for Default. ECF No. 15. The court recommends that the motion be **GRANTED**.

### 1. Background

On June 23, 2024, Jarrid Jones allegedly sustained life-altering physical injuries as a result of an incident that occurred while he was performing nitrogen testing onboard the M/V FMS COURAGE. ECF No. 1 at 2–3. Approximately five months later, Jones filed a lawsuit against Freedom Marine Solutions, L.L.C., the owner and operator of the M/V FMS COURAGE, in a Harris County district court. Id. at 3; ECF No. 9 at 6. Jones alleged that his "injuries and resultant damages were proximately caused by the negligence, carelessness, and fault" of Freedom Marine Solutions, L.L.C. ECF No. 9 at 7.

On April 24, 2025, Petitioners-in-Limitation filed a Limitation Complaint in this court, seeking exoneration from or

---

[1] The Petitioners-in-Limitation in this matter are Freedom Marine Solutions, L.L.C., as operator of the M/V FMS COURAGE; MV FMS Courage, LLC, as owner of the M/V FMS COURAGE; and the M/V FMS COURAGE *in rem*.

limitation of liability. ECF No. 1. Pursuant to Supplemental Admiralty Rule F, the Court ordered Petitioners-in-Limitation to publish notice of the Limitation Complaint in the Houston Chronicle for four consecutive weeks prior to July 11, 2025, and to provide notice to all known claimants asserting claims for damages as a result of the matters set forth in the Limitation Complaint. ECF No. 6. The Order specified that the notice must direct claimants to file their claims and answers with the court's Clerk on or before July 11, 2025, and to serve a copy on counsel for Petitioners-in-Limitation. *Id.*

According to an Affidavit of Publication by a representative of the Houston Chronicle, the Petitioners-in-Limitation published notice of the limitation proceeding in the newspaper for four consecutive weeks in May and June 2025. ECF No. 15-2 at 1. The substance of the notice complied with this Court's Order. *See id.* at 2. Petitioners-in-Limitation also provided notice directly to counsel for the known claimant, Jarrid Jones. ECF No. 15 at 1. Claimant Jones timely filed his Answer and Claim on June 9, 2025. ECF Nos. 8, 9.

### 2. *Legal Standard and Analysis*

Under Federal Rule of Civil Procedure 55, "[a] default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required . . . ." (*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). In a limitation action, Supplemental Admiralty Rule F allows the court to enter default against potential claimants who fail to file a claim after notice is provided. *In re River Constr. Inc.*, No. 4:22-cv-2413, 2025 WL 2735647, at *3 (S.D. Tex. Aug. 25, 2025); Fed. R. Civ. P. Supp. R. F(4)–(5). "[A] claimant who fails to appear in the limitation action is forever prohibited from bringing a claim arising out of or in connection with the alleged incident." *River Constr.*, 2025 WL 2735647, at *3.

2

The July 11, 2025 deadline to file claims in this limitation proceeding has expired. Pursuant to Supplemental Admiralty Rule F(4), notice of the Limitation Complaint and claims deadline was provided to directly to the sole known claimant, Jarrid Jones, and newspaper notice was provided to all others for four consecutive weeks prior to the deadline. The known claimant, Jarrid Jones, timely filed a claim in this matter. No other claims were filed.

### 3. Conclusion

For these reasons, the court recommends that Petitioners-in-Limitation' *Ex Parte* Motion for Default, ECF No. 15, be **GRANTED**. Accordingly, the court recommends the entry of default against all persons and/or entities claiming damages for any loss, damage, injury, or destruction occasioned by, resulting from, or in any way arising out of or in connection to, the June 23, 2024 incident described in the Limitation Complaint, who have not filed or served on counsel for Petitioners-in-Limitation both their claims and answers.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 22, 2025.

_____
Peter Bray
United States Magistrate Judge